# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN PERKOSKI, | : |
| Plaintiff | : CIVIL ACTION NO. 3:16-2398 |
| v. | : |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security[1] | : (MANNION, D.J.) (SAPORITO, M.J.) |
| Defendant | : |

FILED
SCRANTON
APR 0 5 2018
Per_____
DEPUTY CLERK

## MEMORANDUM

Pending before the court is the report of Judge Saporito, (Doc. 14), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be granted, and that the decision of the Commissioner be reversed and the case be remanded for the computation of disability benefits. Judge Saporito reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The Commissioner has filed objections to the report. (Doc. 15). The plaintiff, Allen Perkoski responded to the Commissioner's

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security as the defendant in this suit.

objections. (Doc. 16). For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's appeal of the decision of the Commissioner, (Doc. 1), will be **GRANTED**. The Commissioner's decision will be **REVERSED** and plaintiff will be **AWARDED** disability benefits. This case will be **REMANDED** to the Commissioner for the computation of benefits.

I.  **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

2

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).


## II. RELEVANT BACKGROUND AND MEDICAL EVIDENCE

The procedural background and complete medical evidence of plaintiff are extensively detailed in this court's October 2015 Memorandum in which the court vacated the Commissioner's prior decision denying plaintiff Perkoski's DIB claim and remanded the case to the Commissioner. See Perkoski v. Colvin, 2015 WL 5895541 (M.D.Pa. Oct. 6, 2015)(Nealon, J.). The court incorporates by reference herein the background and plaintiff's relevant medical evidence as it was stated in the October 2015 Memorandum, as Judge Saporito did in his report and recommendation ("R&R"). Suffice it to say that in plaintiff's prior case, the court found that the ALJ failed to explain the medical opinions used to determine plaintiff's mental RFC. As such, the court directed the ALJ to review the opinions of Dr. Ciaravino and Dr. Galdieri and, to explain the weight afforded to their opinions and to the other mental health

4

opinions. After this court granted plaintiff Perkoski's prior appeal, vacated the Commissioner's decision denying his DIB claim, and remanded the case to the Commissioner for further proceedings, the same ALJ conducted a new hearing on April 4, 2016, and then again denied Perkoski's application for benefits. The instant appeal challenges the ALJ's April 2016 decision.

In his report, Judge Saporito states the relevant facts from the April 2016 ALJ hearing. Additionally, the briefs of the parties, contain a discussion of plaintiff's relevant medical history. The court will restrict its discussion below to the relevant medical background as it pertains to the Commissioner's objections. Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, as well as the findings of the ALJ at each step, the court incorporates by reference these portions of the R&R. In short, the ALJ found that plaintiff's impairments of degenerative disc disease of the lumbar spine with disc herniation at L4-5 status post discectomy, fusion, laminectomy and decompression and major affective disorder were severe, but that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. The ALJ then found that plaintiff could perform sedentary work with restrictions, and that plaintiff had the RFC to perform work as an inspector, a ticket counter, and an order clerk.

III. DISCUSSION

Neither Dr. Ciaravino nor Dr. Galdieri were treating doctors of plaintiff. Rather, Dr. Ciaravino provided a medical source statement and Dr. Galdieri

5

was a Disability Determination non-examining consultant who completed a Psychiatric Review Technique Form in July 2011. Judge Saporito found that in her April 2016 decision, the ALJ's analysis regarding the opinions of Dr. Ciaravino and Dr. Galdieri contained inconsistencies. The ALJ concurred with Dr. Galdieri's findings that plaintiff was able to perform 1-2 step functions, able to make simple decisions and follow short simple directions, social skills and activities of daily living were functional, and that his mental impairment did not preclude simple routine work. However, the ALJ gave little weight to Dr. Ciaravino's findings that plaintiff was markedly limited in his ability to carry out detailed instructions, make judgments on simple work related decisions, respond appropriately to work pressures in a usual work setting, and respond appropriately to changes in a routine work setting. Judge Saporito found that substantial evidence did not support the ALJ's decision giving little weight to Dr. Ciaravino's findings, which were based, in part, on a one day consultative exam, especially since the ALJ accepted Dr. Galdieri's opinions which were based simply on a record review and the completion of a form.

Judge Saporito also found that substantial evidence did not support the ALJ's decision giving little weight to Dr. Gillick, plaintiff's treating orthopedic surgeon, and to Dr. Khan, a consultative examiner, both who found that plaintiff could not perform sedentary work due to his restrictions, which findings were consistent with plaintiff's testimony regarding his limitations. Judge Saporito determined that the ALJ failed to reconcile how she then gave

great weight to the opinion of Dr. Bosacco, an orthopedic surgeon, who found that plaintiff could perform sedentary work even though he only evaluated plaintiff for a workers compensation case in August 2010. Judge Saporito also found that Dr. Bosacco did not even specify work limitations to support his finding that plaintiff could perform sedentary work. Judge Saporito further found that the ALJ did not properly explain the inconsistent functional capacity opinions of Dr. Bosacco and Dr. Gillick, especially since Dr. Gillick was a treating surgeon. Essentially, Judge Saporito determined that on both occasions when the ALJ considered plaintiff's claim, she has improperly substituted her medical judgment for that of plaintiff's treating physician as well as the other medical experts.

In her objections, the Commissioner first contends that substantial evidence support the ALJ's decision and that the decision should be affirmed. The court concludes that Judge Saporito correctly determined that substantial evidence does not support the above stated findings of the ALJ, and the court adopts this determination. As Judge Saporito explained, the ALJ did not properly decide plaintiff's RFC since she did not properly analyze the stated medical opinions in the record and, since she failed to reconcile these opinions and to adequately explain the basis of her findings as well as the weight she afforded to the opinions. Plaintiff also points out in his response to the Commissioner's objections that the ALJ largely made the same errors, based on the same evidence in the record, as she did when she first decided

7

his claim. Plaintiff states that the court previously discussed these errors when it remanded plaintiff's case for the ALJ to revisit the medical opinions regarding his mental impairments. The court agrees with Judge Saporito and finds that the ALJ did not properly evaluate all of the medical evidence when she determined plaintiff's RFC and found that plaintiff could perform sedentary work. It is well-settled that the ALJ's RFC finding has to "be accompanied by a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). See also Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (the ALJ is required to "consider and evaluate the [relevant] medical evidence in the record" and, to discuss and weigh this evidence). As such, the Commissioner's first objection to Judge Saporito's report will be overruled.

The question is whether this case should again be remanded to the Commissioner, but with direction to assign a new ALJ, or to award plaintiff disability benefits and remand only for a determination of his benefits, as Judge Saporito recommends.

"In considering an appeal from a denial of benefits, remand is appropriate 'where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits.'" Ortiz v. Colvin, 227 F.Supp.3d 350, 356 (D.N.J. 2017) (citing Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)). Additionally, the court can decide to award benefits, but this decision "should be made only

8

when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Podedworny v. Harris, 745 F.2d 210, 221–22 (3d Cir. 1984) (citations omitted).

Judge Saporito finds that there is already "overwhelming evidence of disability" in the record as a whole, that this evidence demonstrates that plaintiff is disabled within the meaning of the Act, and that a remand for a third hearing is "not necessary" and would only cause plaintiff further unnecessary delay especially since it has been seven years since his initial DIB claim. The Commissioner's alternative argument in her objections is that the case should be remanded for further proceedings and not be reversed for an award of benefits since the record does not show plaintiff's clear entitlement to benefits.

The court finds that the record in this case is fully developed and has been for some time, and the court concurs with Judge Saporito's findings that substantial evidence in the record as a whole shows that plaintiff is disabled and entitled to benefits. Since this case has been pending for a prolonged amount of time and, since it was already remanded and the ALJ again has rendered a decision denying plaintiff's claim for DIB that was not supported by substantial evidence, the court will grant plaintiff's appeal and award him benefits. See Brownawell v. Commissioner of Social Security, 554 F.3d 352, 358 (3d Cir. 2008) (A decision to award benefits "is especially appropriate

when the disability determination process has been delayed due to factors beyond the claimant's control."). Plaintiff Perkoski, like the claimants in *Brownawell, supra*, (8-year delay and 2 ALJ hearings), Podedworny, 745 F.2d at 223,(5-year delay), and Morales, 225 F.3d at 320,(10-year delay and 2 ALJ hearings), "has waited a remarkably long time for a final decision on [his] disability application, which was filed [seven] years ago." Id.

Therefore, the Commissioner's objections, (Doc. 15), to Judge Saporito's report, (Doc. 14), will be overruled, and the report will be adopted in its entirety.

## IV. CONCLUSION

In light of the foregoing, Judge Saporito's report and recommendation, (Doc. 14), is **ADOPTED**, and the Commissioner's objections, (Doc. 15), are **OVERRULED**. The plaintiff's appeal, (Doc. 1), is **GRANTED**, and the Commissioner's April 4, 2016 decision is **REVERSED**. The plaintiff is **AWARDED** disability benefits from his onset disability date of December 1, 2008, and this case is **REMANDED** to the Commissioner for the computation of benefits. A separate order shall issue.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**Dated: April 5, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2398-01.wpd